UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.:  3:07cr21/RV/CJK
　　　　　　　　　　　　　　　　　3:16cv336/RV/CJK

GERDAUS HILL
_____/

## REPORT AND RECOMMENDATION

Defendant Gerdaus Hill has moved for relief from his federal sentence by filing a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence." (ECF No. 30). The Government responded in opposition (ECF No. 40), and Defendant filed a reply. (ECF No. 40.) The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). The court recommends the § 2255 motion be denied without an evidentiary hearing. *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND

On February 21, 2007, a grand jury charged Gerdaus Hill with carjacking in violation of 18 U.S.C. § 2119 ("Count One") and using, carrying or possessing a

firearm in furtherance of the crime of violence charged in Count One in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Two").  (ECF No. 1.)  The charges stemmed from Defendant's armed carjacking of a vehicle driven by a minor female outside of a McDonalds restaurant on December 26, 2006.  Defendant pleaded guilty to both counts on March 26, 2007.  (ECF Nos. 19, 20.)

The Presentence Investigation Report ("PSR") assessed Defendant's total offense level at 23.  (ECF No. 42, PSR ¶¶ 22-29.)  No Chapter Four enhancement applied.  With a criminal history category of V, the applicable guidelines range on Count One was 63 to 72 months.  (PSR ¶ 66.)  Count Two carried a statutory minimum term of 7 years' imprisonment to run consecutive to any other count. (PSR ¶ 65.)

The court sentenced Defendant to a term of 72 months on Count One and a consecutive term of 84 months on Count Two, for a total term of 156 months.[1]  Defendant did not appeal.

---

[1] On December 20, 2007, the Southern District of Alabama sentenced Defendant to an additional consecutive term of 121 months imprisonment in Case No. 1:07cr39CGC in another carjacking case.  Bureau of Prisons records reflect a tentative release date of June 28, 2034.

Case Nos.: 3:07cr21/RV/CJK; 3:16cv336/RV/CJK

Defendant filed the present motion on June 24, 2016. Plaintiff claims he was improperly sentenced under 18 U.S.C. § 924(c), and that this sentence violated his Fifth Amendment rights in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Defendant offers no additional argument in support of his motion. The motion is untimely and without merit, and it should be denied.

## ANALYSIS

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. Relevant to the instant motion, the one-year period runs from the latest of: the date on which the judgment of conviction becomes final; or the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(1) and (3).

Defendant asserts his motion is timely because he filed it within one year of the Supreme Court's June 26, 2015 decision in *Johnson v. United States*, a case the Court later held to be retroactive on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Johnson,* the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(b)(ii), finding

Case Nos.: 3:07cr21/RV/CJK; 3:16cv336/RV/CJK

the provision unconstitutionally vague.  This holding is irrelevant to Defendant's case.  Defendant was not sentenced under the ACCA, but pursuant to 18 U.S.C. § 924(c).

Furthermore, to the extent Defendant suggests his conviction for carjacking under 18 U.S.C. § 2119 does not qualify as a "crime of violence" under § 924(c), he is incorrect.  Section 924(c) identifies a crime of violence as an offense that is a felony and:

    (A)  Has as an element the use, attempted use, or threatened us of physical force against the person or property of another, or

    (B)  That by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c).  The Eleventh Circuit has expressly held, after *Johnson*, that a carjacking conviction under 18 U.S.C. § 2119 satisfies § 924(c)'s force clause.  *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016).  Because *Johnson* has no relevance to Defendant's case, the motion is untimely as well as factually without merit.  The motion should be denied and dismissed.

Case Nos.: 3:07cr21/RV/CJK; 3:16cv336/RV/CJK

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 3:07cr21/RV/CJK; 3:16cv336/RV/CJK

Based on the foregoing, it is respectfully RECOMMENDED:

1.   The Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 30) be DENIED and DISMISSED.

2.   A certificate of appealability be DENIED.

At Pensacola, Florida, this 30th day of October, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:07cr21/RV/CJK; 3:16cv336/RV/CJK